**Opinion filed April 16, 2009**



In The

# Eleventh Court of Appeals

————————

## No. 11-08-00084-CR

————————

## ALBERT JIMENEZ, Appellant,

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**

**Gaines County, Texas**

**Trial Court Cause No. 06-3652**

## M E M O R A N D U M   O P I N I O N

Albert Jimenez was indicted for evading arrest with a vehicle. The jury found Jimenez guilty, found that he used a deadly weapon, found both enhancement allegations to be true, and assessed his punishment at confinement for ninety-nine years. We affirm.

### I. *Background Facts*

While driving to Hobbs, New Mexico, Ernest Barrientez noticed another vehicle swerving into oncoming traffic. Barrientez called the police, and Lea County Deputy Sheriff Rod Coffman[1]

---

[1]Although Coffman is currently serving as Sheriff of Lea County, he was Deputy Sheriff at the time of the offense.

responded. Deputy Coffman stopped the vehicle, and identified Jimenez as the driver of the vehicle. Lea County Deputy Sheriff Jeff Dyer then arrived at the scene. While the officers discussed the stop, Jimenez fled in his vehicle. The officers pursued, and the ensuing chase continued through Lea County to Yoakum County and, finally, Gaines County. There, DPS Troopers spiked Jimenez's vehicle, and he crashed into a utility pole.

## II. *Issues*

Jimenez challenges his conviction with a single issue, contending that the trial court erred when it refused to add "in Gaines County" to the deadly weapon jury issue.

## III. *Analysis*

The trial court's charge asked the jury:

> Do you the Jury find beyond a reasonable doubt that the Defendant used a deadly weapon, to-wit, a motor vehicle, during the commission of the felony offense of Evading Arrest on or about the 29th day of October, 2005?

Jimenez timely objected to this charge, contending the jury should be asked if Jimenez used a deadly weapon in Gaines County rather than simply if he used a deadly weapon. Jimenez acknowledges that venue was proper in Gaines County and that the State was entitled to introduce evidence of his actions in New Mexico and Yoakum County to establish that he was guilty of evading arrest. He contends, however, that the jury should have been restricted to considering only evidence arising out of Gaines County when determining whether he used a deadly weapon.

We need not decide whether Jimenez is entitled to his requested venue restriction because there was ample evidence that he used his vehicle as a deadly weapon in Gaines County. The State called DPS Trooper Joseph Guy Kinman. Trooper Kinman testified that he was on duty in Gaines County on October 29, 2005. He was dispatched to participate in a pursuit that had initiated in Lea County and was headed his direction. He deployed spike strips at a location in Gaines County. Jimenez's car hit the spike strips but did not stop. Trooper Kinman joined the pursuit. Jimenez's vehicle veered off the road and struck a utility pole. The utility pole was twelve inches in diameter, and Jimenez struck it with sufficient force to shear it off. Jimenez was taken to the hospital. Trooper Kinman went to the hospital and interviewed Jimenez. Jimenez told him that he had intentionally struck the pole. Trooper Kinman testified that Jimenez's vehicle was "a pretty good-sized truck" and that it was capable of causing death or serious bodily injury – especially considering

2

the fact that Jimenez was drunk,[2] that he was driving seventy miles per hour, and that officers like himself were on the side of the road.

Furthermore, we note that the trial court's charge required the jury to find that Jimenez evaded arrest in Gaines County and that the court instructed the jury:

> Now, if you have found the Defendant guilty of the felony offense of Evading Arrest alleged to have been committed on or about the 29th day of October, 2005, you must determine beyond a reasonable doubt whether or not the Defendant used a deadly weapon, to-wit, a motor vehicle, during the commission of the offense.

Because the jury was instructed to consider whether Jimenez used a deadly weapon during the commission "of the offense" and because that offense was defined as actions occurring in Gaines County,[3] if the instruction did not limit the jury's consideration to activities occurring within Gaines County, it did not leave the jury free to make a deadly weapon finding solely on the basis of activities occurring outside Gaines County. We overrule appellant's issue on appeal.

## IV. *Holding*

The judgment of the trial court is affirmed.

RICK STRANGE

JUSTICE

April 16, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

---

[2]Jimenez was separately charged with, and convicted of, felony DWI. We have affirmed that conviction. *See Jimenez v. State*, No. 11-08-00083-CR (Tex. App.—Eastland April 16, 2009).

[3]The court instructed the jury:

> Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, Albert Jimenez, on or about the 29th day of October, 2005, in the County of Gaines and State of Texas, did then and there, while using a vehicle, flee from Joseph Kinman, a person the said Albert Jimenez knew was a peace officer who was attempting lawfully to arrest or detain the said Albert Jimenez, **or** if you believe from the evidence beyond a reasonable doubt, that the defendant, Albert Jimenez, on or about the 29th day of October, 2005, in the County of Gaines and State of Texas, did then and there, while using a vehicle, flee from Florencio Regino, a person the said Albert Jimenez knew was a peace officer who was attempting lawfully to arrest or detain the said Albert Jimenez, . . . [the charge named three additional officers] then you will find the Defendant guilty of Evading Arrest, as charged in the indictment.